## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------x

|  |  |  |
|---|---|---|
| **URSULA KUCZYNSKA** | | **JURY TRIAL REQUESTED** |
| *Plaintiff* | | |
| | | |
| **VS.** | | |
| | | |
| **COLT'S MANUFACTURING** | | |
| **COMPANY, LLC** | | **August 29, 2017** |
| *Defendant* | | |

-----------------------------------------------x

### COMPLAINT

### I.  INTRODUCTION:

1.      This is an action alleging discrimination and wrongful termination of employment on the basis of disability in violation of the provisions of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 (hereinafter "ADAAA"); interference in violation of the Family Medical Leave Act (hereinafter, "FMLA"), 29 USC § 2612 et seq.; and retaliation in violation of the provisions of Connecticut Workers' Compensation Act, set forth in Connecticut General Status § 31-290a.

### II.  PARTIES:

2.      The Plaintiff, Ursula Kuczynska, (hereinafter referred to as the ("Plaintiff"), was at all times set forth herein a resident of the City of New Britain, State of Connecticut.

3.      The Defendant, Colt's Manufacturing Company, LLC (hereinafter referred to as the "Defendant"), is a corporation organized under the laws of the State of Delaware. It has a primary place of business located at 545 New Park Avenue, West Hartford, CT 06110.

4.     The Defendant employs (15) or more employees.

5.

### III.   JURISDICTION:

6.     Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about July 27, 2017.

7.     Plaintiff received a Right to Sue letter from the EEOC on or about August 17, 2017, and said notice is appended to this complaint as "Exhibit A"

8.     Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Plaintiff's claims arise under the laws of the United States, specifically, the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 (ADAAA) and the Family Medical Leave Act (hereinafter, "FMLA"), 29 USC § 2612 *et seq.*

9.     This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b)(2).

### IV.   FACTUAL ALLEGATIONS:

10.    Plaintiff began working for the Defendant in approximately 2007 as a machine operator at the Defendant's West Hartford, Connecticut location.

11.    Plaintiff sustained a work injury on March 2, 2016 when in the course of her employment Plaintiff was lifting a heavy machine door approximately 800 times per day and injured her neck, left shoulder and head with symptoms of dizziness.

12.    Plaintiff first treated with Hartford Medical Group on March 10, 2016.

13.    Plaintiff was released to light duty work with no lifting over ten (10) pounds. The Defendant accommodated this request for light duty.

2

14.     Plaintiff continued to work in a light duty capacity and the Defendant accommodated Plaintiff through May of 17, 2016, when Plaintiff was released to full duty work.

15.     Plaintiff worked full duty until July 6, 2016, when Plaintiff's orthopedic doctor placed Plaintiff back on light duty with no lifting greater than ten (10) pounds.

16.     The Defendant accommodated the Plaintiff's light duty through August 8, 2016. At that time, a specialist Dr. Kahn opined that Plaintiff was to remain out of work until further notice.

17.     Plaintiff remained out of work for about four (4) days without pay. Thereafter, Plaintiff was contacted by Human Resources and demanded that Plaintiff return to work on light duty, without medical clearance to do so.

18.     Despite Plaintiff's doctor's opinion that she refrain from any work, Defendant required that Plaintiff work but agreed to assign Plaintiff light duty work duties.

19.     Human Resources was aware that Plaintiff was ordered out of work for a health related issue and despite this did not inform Plaintiff of her rights under the Family Medical Leave Act ("FMLA").

20.     The Defendant required that Plaintiff work despite knowledge of her need for a medical leave of absence.

21.     The Plaintiff's specialist referred Plaintiff to a pain specialist, Dr. Pepperman. On October 6, 2016 Dr. Pepperman issued a permanent light duty restriction with permission to return to work on October 10, 2016 for a full work day.

22.     On the morning of October 6, 2016 Plaintiff hand delivered her physician's note to human resources.

3

23.    In response human resources refused to accept the medical note and refused to authorize Plaintiff to start working again with light duty accommodations despite having provided light duty accommodations in the past.

24.    Plaintiff was told she was not going to be given any further accommodations and her employment was terminated.

25.    Plaintiff returned to Dr. Pepperman on October 27, 2016 who issued a new medical note releasing Plaintiff to full duty and further stating to disregard the prior light duty note of October 6, 2016.

26.    On October 27, 2016, Plaintiff immediately brought the new doctor's note to human resources so that she could return to work. Upon receipt, the human resources individual immediately requested Plaintiff' badge and stated "you no longer work here, we do not have a job for you."

27.    At all relevant times, Plaintiff was qualified for the position she held.

28.    At all relevant times, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

29.    Any and all reasons for Plaintiff's termination are pretext to mask unlawful discrimination on the basis of age, disabilities and perceived disabilities.

**COUNT ONE:**        **Disability Discrimination/ Perceived Disability/ Failure to Accommodate in violation of the ADAAA**

1.    The Plaintiff repeats and re-alleges paragraphs 1 through 29 above as paragraphs 1 through 29 of Count One, as if fully set forth herein.

30.    The Defendant discriminated against the Plaintiff on the basis of her disability, real or perceived.

4

31.    The decision to terminate Plaintiff was due to the Plaintiff's disability or the Defendant's perception that a medical condition rendered her disabled.

32.    The Defendant made an inadequate attempt to engage with Plaintiff to determine whether it could provide her with a reasonable accommodation and ultimately failed to provide her with a reasonable accommodation.

33.    As a result of the Defendant Company's actions, the Plaintiff has suffered, and will suffer, a loss of compensation, including but not limited to wages and fringe benefits.

34.    As a result of the Defendant's actions, as aforesaid, the Plaintiff has suffered emotional distress.

35.    Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**COUNT TWO:**    **Interference in Violation of 29 USC § 2612, *et seq.***

1.    The Plaintiff repeats and re-alleges paragraphs 1 through 29 above as paragraphs 1 through 29 of Count Two, as if fully set forth herein.

30.    The defendant interfered with Plaintiff's rights pursuant to the FMLA in one or more the following ways:

a. It failed to provide her with required information and notices when she announced her need to miss work due to receive medical treatment for a serious health condition; and

b. It attempted to dissuade Plaintiff from utilizing leave to which she was entitled.

5

31.     As a result of the defendant's interference with the Plaintiff's right to return to a leave under the FMLA, the Plaintiff has suffered, and will suffer, a loss of compensation, including wages and other fringe benefits.

32.     Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**COUNT THREE:**     **Retaliation in violation of Conn. Gen. Stat. § 31-290a**

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 29 above as paragraphs 1 through 29 of Count Three, as if fully set forth herein.

30.     The Defendant terminated the Plaintiff because she was injured in the course of her employment, because she exercised or attempted to exercise her rights under the Workers' Compensation Act, and/or to prevent her from obtaining benefits under the Workers' Compensation Act, in violation of Connecticut General Statute § 31-290a.

31.     As a result of the Defendant Company's actions, the Plaintiff has suffered, and will suffer, a loss of compensation, including but not limited to wages and fringe benefits.

32.     As a result of the Defendant's actions, as aforesaid, the Plaintiff has suffered emotional distress.

33.     Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

6

**Wherefore,** the Plaintiff prays for the following relief:

1. Back pay and other lost employment benefits;

2. Reinstatement or front pay for the years Plaintiff would have worked absent the Defendant's unlawful actions;

3. Compensatory damages for emotional pain and suffering;

4. Punitive damages pursuant to Conn. Gen. Sat. § 31-290a;

5. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1);

6. Costs and reasonable attorney's fees incurred in connection with this action;

7. Any such additional relief as may appear to the Court to be just and equitable.

THE PLAINTIFF,
URSULA KUCZYNSKA

By: _____
Megan L. Michaud, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Federal Bar NO: ct28813
Email: mmichaud@cicchielloesq.com
Her Attorneys

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------x

| | |
|---|---|
| URSULA KUCZYNSKA | **JURY TRIAL REQUESTED** |
| *Plaintiff* | |
| | |
| VS. | |
| | |
| COLT'S MANUFACTURING | |
| COMPANY, LLC | August 29, 2017 |
| *Defendant* | |

-----------------------------------------------------x

### JURY DEMAND

The Plaintiff herein demands a trial by jury.

THE PLAINTIFF,
URSULA KUCZYNSKA

By:

Megan L Michaud, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Federal Bar NO: ct28813
Email: mmichaud@cicchielloesq.com
Her Attorneys

8

# <u>Exhibit A</u>

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kuczynska Ursula<br>173 Alden Street<br>New Haven, CT 06503 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2017-00773 | Adriana Gomez,<br>Investigator | (617) 565-3203 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Feng K. An,
Area Office Director

AUG 17 2017

(Date Mailed)

Enclosures(s)

cc:    COLT MANUFACTURING CO.
       2 Talcott Road
       West Hartford, CT 06110

Angelo Cicchiello, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114